IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No.  05-10014-01 |
| ) | No.  06-3246-MLB |
| CESAR CASTELLANOS-CRUZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 12);[1] and

2. Government's motion to enforce the plea agreement (Doc. 13).

The court has reviewed the file, including the plea agreement, the petition to enter the plea, presentence report and transcripts of defendant's plea and sentencing hearings. For the following reasons, defendant's motion is denied.

Background

On June 13, 2005, defendant entered a plea of guilty pursuant to a written plea agreement to an indictment charging a violation of 8 U.S.C. § 1325(a) and (b)(2), illegal reentry after deportation subsequent to a conviction for an aggravated felony. Defendant also signed and swore to a written petition to enter the plea (Doc. 9). In the plea agreement, the petition and in the court's colloquy with

---

[1] Defendant has not sought leave to proceed in forma pauperis. The court will assume that he would qualify for IFP status.

defendant, defendant acknowledged that the maximum penalty was 20 years imprisonment, that he had been convicted of possession of methamphetamine in Oklahoma, which was an "aggravated felony" and that he previously had been deported.  In addition, both in the plea agreement and in the plea colloquy, defendant acknowledged his understanding that he was giving up his right to appeal and file any post conviction motion.  The court told defendant:

> Paragraph 8 is another important paragraph, Mr. Castellanos, because the effect of paragraph 8 is that you are agreeing that you will not ask any court anywhere to ever review your case here.  You won't ask the Court of Appeals to review your conviction or sentence or both.  You will not come back to me under Section 2255 and ask me to reopen your case for some reason. . . .  Do you understand?

Defendant responded "yes, sir."  The court continued: "Basically, Mr. Castellanos, the effect of this paragraph is that when you walk out of here after I sentence you, you'll have to live with whatever happens and you can't ask any court anywhere to review the case here."  Once again, defendant indicated that he understood.  Finally, in the plea agreement, the petition and at the plea hearing, defendant acknowledged that he was pleading guilty voluntarily, that he understood the consequences of his plea and that he was satisfied with the services of his counsel.

On September 1, 2005, defendant was sentenced to a term of 33 months in the custody of the Bureau of Prisons.  This sentence fell in the middle of the advisory guideline range of 30 to 37 months.  Defendant did not object to the presentence report but stated, through the interpreter: "When I plead guilty for the felony, I thought it was just a possession, I didn't think it was . . . ."  Defendant's counsel interrupted to explain that defendant thought his prior conviction was

-2-

for simple possession but in fact it was for distribution, possession with the intent to distribute. The court then had the following conversation with defendant:

> THE COURT: Well, if he -- I don't want to have a situation here where he goes to the penitentiary and the next thing I get is a 2255 claiming that you're incompetent because you didn't proceed on that. Do you have the papers that show that it was a felony?
>
> MR. HENDERSON: Yes, Your Honor. We've researched the records and we have the judgment and the sentence and I believe we have the original charging documents as well as the statute.
>
> THE COURT: Well, let me just say this to you, Mr. Castellanos. Of course, you've already entered a plea of guilty to this, but I have found that it's easier, simply, to allow a defendant to withdraw his plea and have a trial than it is to deal with a 2255 claiming that his lawyer was not competent because he didn't bring something to my attention. If you have any questions about the accuracy of the documents that Mr. Henderson has, if you feel that you were not convicted of a felony down in Woodward County, Oklahoma, then I'll let you withdraw your plea and the Government can proceed to try you on that and prove to a jury beyond a reasonable doubt that that was a felony. Now, it's entirely up to you. I don't care. But if you proceed here today, you will never be able to come back later on and claim that Mr. Henderson ineffective because

-3-

he did not demonstrate that this was only a misdemeanor. You understand what I've told you?

INTERPRETER MS. RIVERA: Yes.

THE COURT: Do you want more time to talk with Mr. Henderson about this?

DEFENDANT CASTELLANOS-CRUZ: No. No.

THE COURT: All right.

INTERPRETER MS. RIVERA: No. It was just that I thought that I was gonna be receiving less time; but I understand. I just wanted to ask for a chance that if you could give me a little bit less time -

THE COURT: Well, Mr. Castellanos, I'm sure that when you were here and entered your plea that I told you that I could not guarantee you a sentence and that even though you and Mr. Henderson had talked about a sentence, that he couldn't promise you a sentence. Did you understand that when I told you that?

INTERPRETER MS. RIVERA: Yes.

THE COURT: Well, so my question of you simply is this. Do you agree that you were convicted of a felony prior to your last deportation as stated in paragraph 14 or do you want to withdraw your plea and have a trial at which the Government would have to prove that was a felony conviction?[2]

---

[2] When defendant was sentenced on September 1, 2005, the court was reasonably sure that the <u>Blakely/Booker</u> line of cases did not require the government to charge and prove to a jury a prior conviction. However, if this or any other defendant insisted that his prior

-4-

>INTERPRETER MS. RIVERA: Yes, I was guilty of that.
>
>THE COURT: All right. Guilty of a felony?
>
>INTERPRETER MS. RIVERA: Yes.
>
>THE COURT: All right. Fair enough. All right. Anything else in the presentence report that you want to change or correct?
>
>INTERPRETER MS. RIVERA: No.
>
>THE COURT: Are you satisfied with the way that Mr. Henderson has represented you?
>
>INTERPRETER MS. RIVERA: Yes.

Defendant did not take a direct appeal.

### Discussion of Defendant's Claims

In his motion, defendant has done <u>exactly</u> what the court was concerned he would do: someone at the prison has filed a § 2255 motion on his behalf claiming that his counsel was ineffective because he allowed defendant to plead guilty "trusting" that he would receive a lighter sentence.[3]  Defendant also contends that his counsel failed to raise deportability as a mitigating factor and that his sentence was imposed in violation of <u>Booker</u>.  Defendant does not claim, however, that he did not understand the contents and effect of the plea agreement or the petition to enter the plea or what the court told him both at the plea and sentencing hearings.  In other words,

---

conviction was not for a felony and demanded a trial, the court believed that the "safe" way would be to put the government to proof beyond a reasonable doubt to a jury.

[3]The number of § 2255 motions notwithstanding waivers is increasing, despite the court's efforts to ensure that defendants understand the terms of their plea agreements.

-5-

defendant's ineffective assistance of counsel claims do not challenge counsel's representation in negotiating the plea or the waiver. For these reasons alone, defendant's agreement to waive his right to file a § 2255 motion is enforceable. <u>United States v. Cockerham</u>, 237 F.3d 1179, 1187 (10th Cir. 2001). Notwithstanding the waiver, defendant's claims fail on the merits.

When defendant entered his plea on June 13, 2005, he was told both in writing and orally that the maximum sentence was 20 years in prison. Defendant clearly and unequivocally acknowledged his understanding of that maximum sentence. Defendant also admitted, under oath, that his conviction was for a felony. He was informed, both in writing and by the court, that his counsel could not promise him any particular sentence:

> THE COURT: . . . I'm sure that you and Mr. Henderson have talked about the sentence you might receive, haven't you?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: You understand that he can and should advise you about a possible sentence; but he can't promise you a sentence. You understand that?
>
> DEFENDANT: I understand.
>
> THE COURT: That's going to be up to me.

Thus, defendant's claim that he entered his plea "believing" that he would receive a "lighter sentence" are refuted by the record.

Defendant's arguments regarding <u>Booker</u> are legally frivolous. The Tenth Circuit has held on many occasions that a defendant's prior convictions need not be charged and proven to a jury beyond a

reasonable doubt.  See, for example, United States v. Quintana-Ponce, 129 Fed. Appx. 473 (10th Cir. 2006)(in a prosecution under 8 U.S.C. § 1326(a)(1)(2)and (b)(2) the government is not required to charge and prove the fact of a prior conviction).

Finally, defendant does not cite a case to support his argument that deportability is a mitigating sentencing factor.  Even if such case should exist, the court's decision would be discretionary.  The court has reviewed the presentence report and would not have exercised his discretion to consider deportability as a mitigating factor.  Accordingly, defendant's counsel was not ineffective for failing to raise the issue.

### Conclusion

The files and records conclusively show that defendant is not entitled to relief and his motion (Doc. 12) is denied.  Under the circumstances, the government's motion essentially is moot (Doc. 13).

IT IS SO ORDERED.

Dated this   26th   day of October 2006, at Wichita, Kansas.


                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE